UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

               v.

KWAME O'NEAL,

        Defendant,

MICHAEL TAYLOR,

        Petitioner.

_____/

Case No. 24-cr-20305
Misc. Case No. 25-mc-50321
Hon. Gershwin A. Drain

## ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS PETITION FOR RETURN OF PROPERTY [ECF No. 3]

This is an ancillary proceeding to the criminal case *United States v. O'Neal*, Case No. 24-20305. In the criminal case, the Government charged Defendant Kwame O'Neal with receipt of a firearm while under indictment in violation of 18 U.S.C. § 922(n), and illegal possession of a machinegun under 18 U.S.C. § 922(o). O'Neal pled guilty to both counts. Pursuant to his conviction, the Court entered a preliminary order of forfeiture which forfeited to the United States all right, title, and interest in the firearms involved in O'Neal's offenses—namely, a Glock GMBH 21 Pistol with an attached Glock switch and 14 rounds of ammunition. The Court

1

required the Government to publish notice of the preliminary order of forfeiture and, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the property to be forfeited. The Government provided direct written notice of the forfeiture order to Petitioner Michael Taylor. *See generally United States v. O'Neal*, Case No. 24-cr-20305.

Thereafter, Taylor filed a Petition for Return of Property without the assistance of counsel, which opened this ancillary proceeding. *See* ECF No. 1. Taylor stated that he is asserting a legal interest in the Glock GMBH 21 pistol. *Id*. Taylor claimed that the Glock was stolen from his home during a breaking and entering and that a full police report was filed at the time. *Id.* Taylor also stated that the Glock switch in the pistol—which converted the Glock into a "machinegun" for purposes of 28 U.S.C. § 5845(b)—was not his and was not a part of the pistol when it was stolen from him. *Id.*

The Court ordered the Government to respond. The Government filed a Motion to Dismiss the Petition. *See* ECF No. 3. The Government asserted that the Taylor's petition for the Glock must be dismissed because he failed to file his petition under penalty of perjury. *Id.* at PageID.11. The Government also noted that the Glock had been modified into a machinegun, making it a public danger and illegal to possess under 18 U.S.C. § 922(o). *Id.* at PageID.12. The Government stated that it conferred with Taylor prior to filing its Motion to Dismiss. It informed Taylor

that the gun had been converted into a machinegun and deemed unsafe. Given the danger of the gun, Taylor responded that he had no objection to the Government's Motion to Dismiss. *Id.* at PageID.5.

***

Under 21 U.S.C. § 853, a person may petition a court for a hearing to adjudicate the validity of his interest in property that has been preliminarily forfeited to the Government. *See* 21 U.S.C. § 853(n)(2). The petitioner must sign the petition "under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id.*(n)(3). It is the petitioner's burden to establish, by a preponderance of the evidence, his right, title, or interest in the property. *Id.*(n)(6).

When a petitioner files a notice of interest as prescribed by § 853(n), the court must conduct an ancillary proceeding. Fed. R. Crim. P. 32.2(c)(1). Before any hearing on the petition, the Court may on motion "dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." *Id.*(c)(1)(A); *see also United States v. Salti*, 579 F.3d 656, 664 (6th Cir. 2009) ("[A] hearing [is] not required prior to a ruling on a motion to dismiss."). Notably, "[f]ederal courts require strict compliance with the pleading requirements of § 853(n)(3), primarily

3

because there is a substantial danger of false claims in forfeiture proceedings." *United States v. Porter*, No. 3:19-CR-150-TAV-DCP-2, 2021 WL 5989033, at *2 (E.D. Tenn. Dec. 1, 2021), *report and recommendation adopted by* 2021 WL 5988423 (E.D. Tenn. Dec. 17, 2021) (citation omitted).

Here, Taylor did not file his petition under penalty of perjury, despite the fact that Taylor was notified twice—in both the preliminary order of forfeiture and the Government's direct notice of forfeiture—that any petition must be filed under penalty of perjury. ECF No. 3, PageID.11. The failure to sign a petition under penalty of perjury "alone warrants dismissal of a forfeiture petition without a hearing." *United States v. Zongli Chang*, No. 18-20008, 2020 WL 1156490, at *4 (E.D. Mich. Mar. 10, 2020). Although Taylor filed his petition without the assistance of counsel, "his *pro se* status does not excuse his lack of compliance with the 'signed under penalty of perjury' requirement because the notice that was provided to him by the Government clearly informed him that his petition must be signed under penalty of perjury." *United States v. Whitworth*, No. 3:17-cr-00198, 2020 WL 2297024, at *2 (M.D. Tenn. Apr. 6, 2020).

Moreover, Taylor did not comport with the other pleading requirements of § 853(n)(3). He did not describe the nature and extent of his right, title, or interest in the Glock, and did not explain how he acquired that right, title, or interest. "This lack

of specificity renders the Petition subject to dismissal prior to a hearing." *Id.* at *3 (collecting cases); *see also Porter*, 2021 WL 5989033, at *2.

For the foregoing reasons, the Government's Motion to Dismiss Petition [ECF No. 3] is **GRANTED** and Taylor's Petition for Return of Property [ECF No. 1] is hereby **DISMISSED**.

**SO ORDERED.**

Dated:  May 15, 2025                    /s/Gershwin A. Drain
                                        GERSHWIN A. DRAIN
                                        United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 15, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

5